UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERIC SANTANA,

                Plaintiff(s),                      CASE NO.: 1:21-CV-10520

      -against-                                **ANSWER TO**
                                                **COMPLAINT WITH CROSS-**
NYC MOTORCARS CORPORATION and        **CLAIM(S) AND JURY DEMAND**
FAWAD AWAN,

                Defendant(s).
-------------------------------------------------------------X

**S I R S :**

Defendant FAWAD AWAN ("<u>AWAN</u>" and/or <u>Defendant(s)</u>") respectively, by their attorneys, Law Offices of Bruce W. Minsky, P.C., answers the Plaintiff ERIC SANTANA's ("<u>Santana</u>" and/or "<u>Plaintiff</u>") *Complaint and Demand For Jury Trial* ("<u>Complaint</u>") as follows:

RESPONDING TO JURSIDICTION AND VENUE

1. As to paragraph(s) numbered/titled "1", "2", "3", "4" and "5" of the Plaintiff's Complaint, Defendant admits that the Plaintiff's Complaint speaks for itself, but denies that it has violated any law, and/or has breached any contract or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

RESPONDNG TO THE PARTIES

2. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "6", "7" and "8" of the Plaintiff's Complaint.

3. Denies the allegations contained in paragraph(s) numbered "9" of the Plaintiff's Complaint.

4. Denies having current knowledge and/or information sufficient to form a belief

as to the current status of the allegations contained in paragraph(s) numbered "10" of the Plaintiff's Complaint.

5.     As to paragraph(s) numbered "11" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the relationship between Plaintiff and the co-defendant NYC Motorcars Corporation ("NYCM").

6.     As to paragraph(s) numbered "12" and "13" of the Plaintiff's Complaint, Defendant denies the allegations as to Defendant and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the regarding and in reference to NYCM, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## RESPONDING TO STATEMENT OF FACTS

7.     As to paragraph(s) numbered "14" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the relationship between Plaintiff and NYCM.

8.     As to paragraph(s) numbered "15", "16", "17", "18", "19", "20", "21" and "22" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with the Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and

NYCM.

## RESPONDING TO KNOWING AND INTENTIONAL ACTS

9.      As to paragraph(s) numbered "23", "24", "25", "26", "27", "28" and "29" of the Plaintiff's Complaint, Defendant:

(i)     denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court; and,

(ii)    denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

## ANSWERING A FIRST CLAIM/CAUSE OF ACTION

10.     As to paragraph(s) numbered "30" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "29" of the Plaintiff's Complaint.

11.     As to paragraph(s) numbered "31" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the relationship between Plaintiff and NYCM, and refers all questions of law to the Court

12.     As to paragraph(s) numbered "32", "33", "34", "35" and "36" of the Plaintiff's Complaint, Defendant:

3

     (i) denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court; and,

     (ii) denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

ANSWERING A SECOND CLAIM/CAUSE OF ACTION

  13. As to paragraph(s) numbered "37" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "36" of the Plaintiff's Complaint.

  14. As to paragraph(s) numbered "38" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the relationship between Plaintiff and NYCM, and refers all questions of law to the Court

  15. As to paragraph(s) numbered "39", "40", "41", "42", "43", "44" and "45" of the Plaintiff's Complaint, Defendant:

     (i) denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof

thereof, and refers all questions of law to the Court; and,

(ii) denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

## ANSWERING A THIRD CLAIM/CAUSE OF ACTION

16. As to paragraph(s) numbered "46" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "45" of the Plaintiff's Complaint.

17. As to paragraph(s) numbered "47" and "48" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the relationship between Plaintiff and NYCM, and refers all questions of law to the Court

18. As to paragraph(s) numbered "49", "50" and "51" of the Plaintiff's Complaint, Defendant:

(i) denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court; and,

(ii) denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

ANSWERING A FOURTH CLAIM/CAUSE OF ACTION

19. As to paragraph(s) numbered "52" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "51" of the Plaintiff's Complaint.

20. As to paragraph(s) numbered "53" and "54" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the relationship between Plaintiff and NYCM, and refers all questions of law to the Court

21. As to paragraph(s) numbered "55", "56", "57" and "58" of the Plaintiff's Complaint, Defendant:

(i) denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court; and,

(ii) denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

ANSWERING A FIFTH CLAIM/CAUSE OF ACTION

22. As to paragraph(s) numbered "59" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "58" of the Plaintiff's Complaint.

6

23. As to paragraph(s) numbered "60" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the relationship between Plaintiff and NYCM, and refers all questions of law to the Court

24. As to paragraph(s) numbered "61", "62" and "63" of the Plaintiff's Complaint, Defendant:

    (i) denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court; and,

    (ii) denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

## ANSWERING A SIXTH CLAIM/CAUSE OF ACTION

25. As to paragraph(s) numbered "64" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "63" of the Plaintiff's Complaint.

26. As to paragraph(s) numbered "65" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the relationship between

Plaintiff and NYCM, and refers all questions of law to the Court

27. As to paragraph(s) numbered "66", "67" and "68" of the Plaintiff's Complaint, Defendant:

(i) denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court; and,

(ii) denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

## ANSWERING SEVENTH CLAIM/CAUSE OF ACTION

28. As to paragraph(s) numbered "69" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "68" of the Plaintiff's Complaint.

29. As to paragraph(s) numbered "70" of the Plaintiff's Complaint, Defendant denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard and denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations of the relationship between Plaintiff and NYCM, and refers all questions of law to the Court

30. As to paragraph(s) numbered "71", "72" and "73" of the Plaintiff's Complaint, Defendant:

(i) denies that this answering Defendant was the employer of the

8

Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court; and,

        (ii)    denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

## ANSWERING A EIGHTH CLAIM/CAUSE OF ACTION

31.    As to paragraph(s) numbered "74" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "73" of the Plaintiff's Complaint.

32.    As to paragraph(s) numbered "75", "76", "77" and "78" of the Plaintiff's Complaint, Defendant:

        (i)    denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court; and,

        (ii)    denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

## ANSWERING A NINTH CLAIM/CAUSE OF ACTION

33.    As to paragraph(s) numbered "79" of the Plaintiff's Complaint, Defendant repeats

9

and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "78" of the Plaintiff's Complaint.

34.     As to paragraph(s) numbered "80", "81" and "82" of the Plaintiff's Complaint, Defendant:

(i)     denies that this answering Defendant was the employer of the Plaintiff, or had any employment or other relationship with Plaintiff in any regard, denies the allegations therein as to the Defendant, denies it has violated any law and/or has breached any contract and/or engaged in any tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court; and,

(ii)    denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations directed at/to NYCM or of any relationship between Plaintiff and NYCM.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT(s) NYC MOTORCARS CORPORATION

35.     If the Plaintiff sustained the damages alleged in the Complaint, such damages were caused, in whole or in part, by reason of the culpable conduct of the co-defendants NYCM, there being no active or primary wrongdoing on the part of the Defendant Awan contributing thereto.

36.     By reason of the foregoing, the Defendant Awan is entitled to contribution and full indemnification from, and judgment over and against the co-defendants NYCM and towards any verdict or judgment which may be recovered against the Defendant Awan.

## FIRST AFFIRMATIVE DEFENSE

37.     The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

38. Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Defendant.

## THIRD AFFIRMATIVE DEFENSE

39. The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff has suffered no damage as a result of any acts or omissions of the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

41. Defendant hereby gives notice of its intentions to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

42. If any damages have been sustained by the Plaintiff, which Defendant herein denies, such damages were caused by the conduct of others and were not related to Defendant and Defendant are not responsible for any such damages.

## SEVENTH AFFIRMATIVE DEFENSE

43. If any damages have been sustained by the Plaintiff, which Defendant herein denies, Plaintiff and/or third parties (not the Defendant) are legally responsible or otherwise at fault for the damages alleged in the Complaint.  Defendant therefore requests that in the event of a finding of any

liability in favor of Plaintiff that an apportionment of fault be made among parties and third-parties other than the Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

44. Defendant reserve the right to seek its reasonable attorneys' fees and costs in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing Defendant.

### NINTH AFFIRMATIVE DEFENSE

45. The Complaint fails to sufficiently state any cause for which punitive damages are recoverable.

### TENTH AFFIRMATIVE DEFENSE

46. Defendant further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

### ELEVENTH AFFIRMATIVE DEFENSE

47. Defendant is entitled to reply upon defenses that any party would be entitled to assert in this matter.

### DEMAND FOR JURY TRIAL

48. Defendant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

///

///

**WHEREFORE**, Defendant FAWAD AWAN respectfully demands:

(i) judgment dismissing the Plaintiff ERIC SANTANA's Complaint in its entirety;

(ii) under the Crossclaim(s), judgment granting the Defendant FAWAD AWAN from the co-Defendant(s) NYC MOTORCARS CORPORATION;

(iii) from the Plaintiff ERIC SANTANA those costs and disbursements of this action and attorney fees incurred by the Defendant FAWAD AWAN in defending/pursuing this action; and,

(iv) for such other relief as this may deem just and proper.

Dated: New Hempstead, New York
Mach 22, 2022

By: __/s/ Bruce W. Minsky_____
Bruce W. Minsky, Esq.
Law Offices of Bruce W. Minsky, P.C.
*Attorneys for the Defendant(s)* FAWAD AWAN
112 Brick Church Road
New Hempstead, New York 10977
Phone: (646) 234-7006
Email: *bwminsky@gmail.com*

To: Mansell Law, LLC
85 8th Avenue, 6M
New York NY 10011
*Via ECF*

## CERTIFICATE OF SERVICE

On March 22, 2022, I caused the foregoing Answer/Crossclaims/Jury Demand to the Plaintiff's Complaint to be filed via ECF and/or a copy served via regular mail upon the following party(ies):

>Mansell Law, LLC
>85 8th Avenue, 6M
>New York NY 10011
>*Via ECF*

>_____/bwm/_____
>Bruce W. Minsky