UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ERIC PLAINTIFF**  Case No.: 1:21-cv-10520

                      Plaintiff,

- against -  **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

**NYC MOTORCARS CORPORATION**

and

**FAWAD AWAN,**

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**Please take notice that** on a date and at a time to be designated by the Court, Plaintiff Eric Santana ("Plaintiff"), will and hereby moves this Court for an order entering default judgment against Defendant NYC Motorcars Corporation, on all claims alleged by Plaintiff in his Complaint, including lost wages, unpaid wages, unpaid overtime, spread of hours pay, liquidated damages, attorney's fees, and costs. This motion is made pursuant to Fed. R. Civ. 55(b) and Local Rule 55(b) which provides for a Court ordered Entry of Default Judgment following issuance of a Certificate of Default by the Clerk. Defendant NYC Motorcars Corporation was served with the Summons and Complaint but has not appeared to defend or otherwise respond to Plaintiff's claims.

This Motion is based upon this Notice of Motion for Default Judgment, the Memorandum In Support filed concurrently herewith, and the Declarations of Plaintiff Eric Santana and Attorney Gregory R. Mansell and exhibits attached thereto. Defendant NYC Motorcars Corporation has failed to appear, plead, or otherwise defend in this action. Plaintiff seeks a default judgment against Defendant NYC Motorcars Corporation as to their liability under the FLSA and New York law.

The relief requested is appropriate for the reasons discussed in the attached Memorandum in Support.

Dated: New York, New York
April 18, 2022

Respectfully submitted,

*/s/ Gregory R. Mansell*
Gregory R. Mansell
(*Greg@MansellLawLLC.com*)
Carrie J. Elrod
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
85 8th Ave., 6M
New York, NY 10011
Ph: (646) 921-8900
*Counsel for Plaintiff*

**MEMORANDUM IN SUPPORT**

This action was commenced on December 10, 2022, by Plaintiff, Eric Santana (hereinafter "Plaintiff"), to recover lost wages, unpaid wages, unpaid overtime, spread of hours pay, liquidated damages, costs, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("N.Y. Lab. Law"). (See Declaration of Attorney Gregory R. Mansell attached hereto and incorporated herein as Exhibit A ¶¶ 4-6; Exhibit A(1)). Defendant NYC Motorcars Corporation (hereinafter "Motorcars") was properly served the summons and complaint on January 26, 2022, by personal service upon David Bergman, Sales Manager, an agent legally authorized to accept service and proof of which was filed on January 27, 2022. (Exhibit A(2); Exhibit A(3)); Exhibit A ¶ 7). Defendant NYC Motorcars has failed to appear or otherwise plead in any manner. (Exhibit A ¶¶ 7-8). On March 17, 2022, Plaintiff requested a Clerk's Certificate of Default against Defendant Motorcars. (See Doc. Nos. 18, 19). The Clerk's Certificate of Default was issued on March 21, 2022. (Exhibit A(4)).

For this reason, Plaintiff respectfully requests that the Court enter a Default Judgment against Defendant NYC Motorcars Corporation pursuant to Fed R. Civ. 55 and Local Rule 55 on all claims alleged by Plaintiff in his complaint, including liquidated damages, costs, and attorneys' fees.

**I. STATEMENT OF FACTS**

Plaintiff commenced this action on December 10, 2021 alleging that the Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("N.Y. Lab. Law") by willfully: (a) failing to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for time worked in excess of 40 hours in a work week, (b) failing to pay Plaintiff minimum wages, (c) failing to pay Plaintiff "spread of hours" compensation, and (d) failing to timely pay Plaintiff commissions (e) failing to provide Plaintiff with wage notices and wage

3

statements, and (f) retaliating against Plaintiff for opposing these unlawful practices. (Exhibit A ¶¶ 4-6; Exhibit (A)(1)). ¶

Plaintiff was employed by Defendant NYC Motorcars Corporation as a Car Salesman for approximately six weeks from September of 2021 until he was terminated on October 28, 2021. (Exhibit A(1) ¶¶ 14-16; 20; See Declaration of Eric Santana attached hereto and incorporated herein as Exhibit B, ¶¶ 3-20). Defendant NYC Motorcars Corporation had a gross volume of annual sales that exceeds $500,000. (Exhibit B ¶ 8; Exhibit A(1) ¶12). At the start of his employment Plaintiff was verbally told he would be paid $15.00 hourly and receive a 10% commission on all vehicles he sold. (Exhibit A(1) ¶ 17; Exhibit B ¶ 11). Plaintiff worked Tuesday through Fridays from 9 am - 5 pm and each Saturday from 9 am - 9 pm. He also worked every other Sunday from 11 am - 6 pm. (Exhibit A(1) ¶ 18; Exhibit B ¶ 10). Thus, Plaintiff worked alternative weeks of 44 hours per week and 51 hours per week respectively. (*Id*.). Over the course of his employment Plaintiff sold 5 cars worth approximately $20,000 each. (Exhibit A(1) ¶ 19; Exhibit B ¶ 13). At the time of hiring, Defendant NYC Motorcars Corporation did not provide Plaintiff a written statement of his hourly rate of pay, overtime rate of pay, and regular pay day. (Exhibit A(1) ¶ 27; Exhibit B ¶ 12).

Plaintiff was not paid the applicable minimum wage of $15.00 per hour for his straight time worked, was never paid any commissions, did not receive spread-of-hours pay for shifts he worked that lasted longer than 10 hours, and did not receive overtime at one-half times his regular rate of pay for hours worked over 40 each workweek. (Exhibit A(1) ¶¶ 19-22; Exhibit B ¶ 16). Plaintiff was paid only two times over the course of his employment with Defendant NYC Motorcars Corporation, both payments were made via CashApp and Plaintiff was not provided with a paystub or other form of wage statement. (Exhibit B ¶ 15). The first CashApp payment

was made on September 30, 2021, for $331.80 and the second was made on October 22, 2021, again for $331.80. (*Id.* ¶¶15-16; Exhibit B(3)). In total Plaintiff received only $663.60 for the entire 6-week period of his employment. *Id.* Further, Defendant NYC Motorcars Corporation did not keep accurate and contemporaneous payroll records or provide Plaintiff with full and accurate wage statements when wages were paid. (Exhibit A(1) ¶¶ 27-28; Exhibit B ¶ 17).

Plaintiff made several complaints to Defendant NYC Motorcars Corporation about Defendants' pay practices and wage violations. (Exhibit B ¶ 18-20). In October of 2021, Plaintiff escalated his complaints to Defendant's Finance Manager. (*Id.*) Shortly afterwards, on October 28, 2021, Plaintiff was terminated. (Exhibit A(1) ¶¶ 20; 59-63; Exhibit B ¶¶ 18-20). Plaintiff was not provided with a written notification of his termination, nor did he receive his final paycheck. (Exhibit A(1) ¶ 50; Exhibit B ¶ 21).

## II. LEGAL ANALYSIS

### a. Default Judgment

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. See Fed. R. Civ. P. 55(a). "Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment . . . . [t]he first step is to obtain a default" and "plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

It is well settled that defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party.") (citation omitted). In evaluating a motion for default

judgment, the court "must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.,* 61 F.Supp.3d 336, 344 (S.D.N.Y. 2014) (citing *Finkle v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009). "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Belizaire*, 61 F.Supp.3d at 344 (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973)).

"If the allegations are well-pleaded, or, in other words, establish liability for a claim, 'the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible [to] mathematical computation.'" N*wagboli v. Teamwork Transp. Corp.*, No. 08-cv-4562, 2009 WL 4797777, at *2 (S.D.N.Y. Dec. 7, 2009) (quoting *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). In determining the amount of damages to be awarded, under Rule 55(b)(2) of the Federal Rules of Civil Procedure, "it is not necessary for the District Court to hold a hearing, as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Therefore, a court may rely on "detailed affidavits and documentary evidence," in addition to the plaintiff's complaint, to determine the sufficiency of a default judgment claim. *Fermin v. Las Delicias Peruanas Rest.*, Inc., 93 F. Supp. 3d 19, 29 (E.D.N.Y. 2015) (quoting *Transatlantic,* 109 F.3d, at 111. The plaintiff must prove damages with "reasonable certainty." See, e.g., *Trinity Biotech, Inc. v. Reidy*, 665 F. Supp. 2d 377, 380 (S.D.N.Y. 2009) (citing cases)..

Although Plaintiff only moves for Default Judgment against Defendant NYC Motorcars Corporation, Defendants in this action are joint and severally liable for Plaintiff's damages. See *Pineda v. Masonry Const., Inc.*, 831 F.Supp.2d 666, 685 (S.D.N.Y.2011) (allegations in the complaint that a corporate defendant and an individual owner or manager of the employer were

employers under the FLSA and New York Labor Law, coupled with the defendant's default, was sufficient to qualify him as an employer under the FLSA and New York Labor Law and to impose joint and several liability for wage and hour violations). Plaintiff properly alleged that Defendant NYC Motorcars was a joint employer with Defendant Fawad Awan under the FLSA and New York Labor Law. (Exhibit A(1) ¶¶ 7-11). Further, granting default against Defendant NYC Motorcars Corporation will not prejudice Defendant Fawad Awan or Defendant NYC Motorcars Corporation because default does not prevent either defendant from seeking indemnification from the another.

Plaintiff's Complaint, supplemented by Plaintiff's declaration, attached hereto and incorporated herein as Exhibit B, Attorney Gregory R. Mansell's Declaration, attached hereto and incorporated herein as Exhibit A, and the numerous other exhibits incorporated attached to said declarations create a sufficient basis from which the amount provided for in the proposed judgment can be calculated to a reasonable certainty. A detailed Statement of Plaintiff's damages is attached to the Declaration of Attorney Gregory R. Mansell as Exhibit A(5).

In the Statement, Plaintiff's wage and hour damages, including lost wages, unpaid minimum wages, unpaid overtime, unpaid spread of hours, unpaid commission pay, and liquidated damages are calculated in segments of time. Plaintiff's hours worked were calculated in weekly pay periods. Each weekly pay period includes a breakdown of the number of hours worked between 1 – 40 in a single workweek, ("straight time") and the number of hours worked over 40 in a workweek ("overtime"), and the number of shifts lasting longer than 10 hours in that workweek ("spread of hours"). The Statement also accounts for the two payments Plaintiff received during the course of his employment with NYC Motorcars Corporation. The Statement also includes detailed breakdown of calculations for Plaintiff's other statutory damages. A true

and accurate accounting of Plaintiff's attorneys' fees is attached to the Declaration of Attorney Gregory R. Mansell as Exhibit A(6).

    **b. Defendant NYC Motorcars Corporation's Liability Under Federal and State Wage and Hour Laws**
        *i. Minimum Wage and Overtime Violations*

The FLSA and New York Labor Law requires employers to compensate employees at no less than the applicable minimum wage for every hour worked, as well as an overtime premium at no less than one and one-half the employee's regular rate for all hours worked in excess of 40 in a single workweek. See 29 U.S.C. §§ 206(a), 207(a); N.Y. Lab. Law §§ 652(a); 12 N.Y.C.R.R. §§ 146-1.2, 146-1.4. Plaintiff has properly alleged that Defendants failed to pay him at least the applicable minimum wage in effect of $15.00 per hour, that he worked in excess of 40 hours per week and Defendants failed to pay him overtime compensation, that Defendants failed to pay him spread of hours pay for work shifts lasting longer than 10 hours, and that Defendants failed to timely pay him his earned commissions. (See Exhibit A(1) ¶¶ 18-22; 30-45; 69-79; Exhibit B ¶¶ 13-16).

Additionally, the New York Labor Law requires employers to provide a written notice to employees upon their termination and pay employee's their final paycheck no later than on the regular payday for the pay period in which the employee was terminated. N.Y. Lab. Law § 191(3). Plaintiff properly alleged that he was not provided written notification of his date of termination, nor received his final paycheck. (Exhibit A(1) ¶ 50; Exhibit B ¶ 21). Failure to provide Plaintiff's final pay on time is an additional minimum wage violation, as well as a criminal offense.

Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum

wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). However, the employer can make this award discretionary, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendant NYC Motorcars Corporation has defaulted. Consequently, Defendant NYC Motorcars Corporation failed to meet this burden, and thus an award of liquidated damages is mandatory.

Effective April 9, 2011, N.Y. Lab. Law § 198(1-a) allows employees to recover 100% of unpaid wages as liquidated damages. See New York State Wage Theft Act. In addition, the New York Legislature amended N.Y. Lab. Law § 198(1-a) in 2009 to eliminate the requirement of showing willfulness and stead makes liquidated damages presumptively available, unless the employer affirmatively proves that it acted in good faith. See 2009 N.Y. Sess. Laws c. 371, § 1 (McKinney); N.Y. Lab. Law § 198(1-a). As discussed above, Defendant NYC Motorcars Corporation failed to meet this burden.

Plaintiff received a total of $663.60 for all 242 hours of work performed for NYC Motorcars. (Exhibit B ¶¶ 15-16; Exhibit B(3)). Plaintiff worked 212 "straight time" hours which should have been paid at the applicable minimum rate of $15.00 per hour. (Exhibit A(5)). Plaintiff was entitled to no less than $3,180.00 for these "straight time" hours of work. Plaintiff worked more than 40 hours during four of the six weeks of his employment with NYC Motorcars. *Id.* Plaintiff worked a total of 30 overtime hours, for which he was not compensated. *Id.* Thus, Plaintiff is owed one-and one-half times his regular rate of $15.00 for each of these hours, for a total of $675.00. *Id.* Plaintiff is also entitled to liquidated damages in an amount equal to that owed to him for Defendant Motorcars failure to pay at least minimum wage for every hour worked and overtime at a rate of not less than one and one-half times his regular rate of pay, for a total of $8,021.40. 29 U.S.C. § 216(b); (Exhibit A(5)).

### ii. Other New York Labor Law Violations

The New York Labor Law requires an employer to furnish their employees with the required employment notice at the time of his hiring or a weekly wage statement with every payment of wages, listing gross wages, deductions, and net wages. N.Y. Lab. Law § 195. Plaintiff has properly alleged that Defendants failed to provide him with an employment notice upon his hiring or weekly wage statements. (Exhibit A(1) ¶¶ 27-28, 46-51; Exhibit B ¶ 17). For this violation, Plaintiff is entitled to payment of $250 for each workday the violation occurred up to $5,000. N.Y. Lab. Law § 198(1-d). The violation occurred over 36 workdays, therefore Plaintiff is entitled to $5,000. (Exhibit A(5)); Exhibit B ¶¶ 3, 17).

New York Labor Law also requires that employees receive the commission owed to them in accordance with the agreed terms of their employment. N.Y. Lab. Law § 191(c). Plaintiff properly alleged that in addition to his hourly pay, Plaintiff was entitled to a 10% commission on every car he sold. (Exhibit A(1) ¶¶ 17,19, 52-58; Exhibit B ¶¶ 11, 13). Plaintiff also properly alleged that he sold 5 cars during his employment yet did not receive his promised commission pay. *Id.* Defendant Motorcars' failure to provide timely payment entitles Plaintiff to double the commission payments owed, for a total of $20,000. N.Y. Lab. Law § 191-c(3); (Exhibit A(5)).

Further, New York Labor Law provides that "an employee is entitled to recover compensation for an extra hour of work at the minimum wage for each day that the employee works in excess of ten hours." *Man Wei Shiu v. New Peking Taste, Inc.,* No. 11 Civ. 1175(NGG), 2013 WL 2351370, at *10 (E.D.N.Y. May 28, 2013); 12 N.Y.C.R.R. § 146-1.6(a). Plaintiff properly alleged that he worked shifts lasting longer than 10 hours every other Saturday (9 am – 9 pm) without receiving "spread of hours pay." (Exhibit A(1) ¶ 22, 64-68; Exhibit B ¶ 10). Therefore, Plaintiff is entitled to recover an additional amount totaling $ 75.00 to reflect the unpaid "spread of hours" pay for the 12-hour long work shifts. (Exhibit A(5)).

### iii. Retaliation

The FLSA and New York Labor Law prohibit employers from retaliating against an employee who has made a complaint to his or her employer based on that employee's reasonable belief that the employer was violating any provision of the FLSA or New York Labor Law. 29 U.S.C. N.Y. § 215; Lab. Law § 215. "[T]he elements of FLSA and NYLL retaliation claims overlap in all material respects." *Cortese v. Skanska Koch, Inc.*, 544 F. Supp. 3d 456, 2021 WL 2472242, at *10 (S.D.N.Y. 2021). A Plaintiff properly establishes a retaliation claim when he alleges "(1) participation in protected activity known to the defendant; (2) adverse employment action [a]ffecting the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Id.*

An employee engages in a protected activity when he makes verbal complaints to the employer about the employer's unlawful wage and hour policies. *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 115 (2d Cir. 2015). Plaintiff engaged in a protected activity by making verbal complaints that Defendant NYC Motorcars violated wage and hour laws by failing to properly pay him all of his earned wages and commissions. (Exhibit A(1) ¶¶ 20, 59-63, 69-82; Exhibit B ¶¶ 18-20).

Termination is an adverse action for purposes of FLSA and NYLL retaliation claims. *Arazi v. Choen Bros. Realty Corp.,* No. 1:20-cv-8837, 2022 U.S. Dist. LEXIS 56549, *150 (S.D.N.Y. 2022) (citing *Moses v. Griffin Indus., LLC*, 369 F. Supp. 3d 538, 546 (S.D.N.Y. 2019)). Plaintiff properly alleged that he was terminated in retaliation for his complaints about Defendant NYC Motorcars Corporations unlawful pay practices. (Exhibit A(1) ¶¶ 20, 59-63, 69-82; Exhibit B ¶ 18-20).

"The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." *Cifra*

*v. G.E. Co.*, 252 F.3d 205, 217 (2d Cir. 2001) (quoting *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996)) (internal quotation marks omitted). Plaintiff properly alleged that he was terminated shortly after he escalated his complaints about Defendant NYC Motorcars' unlawful pay practices to the Finance Manager. (Exhibit A(1) ¶¶ 20, 59-63, 69-82; Exhibit B ¶¶ 19-20).

For Defendant Motorcars' violations of the federal and state wage and hour law's anti-retaliation provision, Plaintiff is entitled to his lost wages and liquidated damages. Plaintiff's damages were calculated by averaging the total weekly wages he would have earned but for Defendant NYC Motorcars' violations of the FLSA and New York Labor Law and multiplying that number by the length of time Plaintiff remained without comparable employment. (Exhibit A(5)). This calculation was done by adding the total wages Plaintiff should have earned during the length of his employment with Defendant NYC Motorcars Corporation, divided by the total number of weeks Plaintiff was employed by Defendant NYC Motorcars Corporation. *Id.* Plaintiff remained unemployed for 21 weeks. (Exhibit B ¶¶ 22-25; Exhibit B(1); Exhibit B(2)). Plaintiff found employment for two weeks earning approximately $978. *Id.* Additionally, the New York Labor Law permits Plaintiff recover up to $20,000 as liquidated damages. N.Y. Lab. Law § 216(2)(a). Therefore, Plaintiff is entitled to an amount totaling $67,776.86, reflecting his lost wages and liquidated damages. (Exhibit A(5)).

### A. *Defendant NYC Motorcars Corporation Should Be Made to Pay All of Plaintiff's Reasonable Attorneys' Fees and Costs*

The FLSA and New York Labor Law both permit successful claimants to obtain reimbursement of their attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). In the context of a defendant's default, the plaintiff is the prevailing party for purposes of awarding attorneys' fees and costs. *Singh et al, v. Meadow Hill Mobile Inc.*, No. 20-cv-3845,

2021 WL 3862665, (S.D.N.Y. Aug. 9, 2021). A breakdown of Plaintiff's costs is included in the Statement is attached to and incorporated in Attorney Gregory R. Mansell's Declaration as Exhibit A(5). A breakdown of Plaintiff's attorneys' fees is attached to and incorporated in Attorney Gregory R. Mansell's Declaration as Exhibit A(6).

In the event that the Court grants Plaintiff's motion and enters Default Judgement against Defendant NYC Motorcars Corporation, Plaintiff requests $10,038.00 in attorneys' fees, as set forth in Attorney Gregory R. Mansell's Affidavit and accompanying exhibits submitted therewith. (Exhibit A). These fees – based on an hourly rate of $420.00 per hour – are reasonable. (Exhibit A ¶¶ 11-22).

In determining a reasonable fee, "[t]he district court must ascertain whether 'the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058-59 (2d Cir. 1989) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of New York*, 843 F. App'x 355, 359 (2d Cir. 2021) (quoting *Lilly v. City of N.Y.*, 934 F.3d 222, 228)

Plaintiff's counsel's rate has been approved as reasonable in other FLSA matters. (Exhibit A ¶¶ 18). Last year the Court of Claims of Ohio approved attorney Gregory R. Mansell's lodestar, in which he requested an hourly rate of $400. See *Oakley v. The Ohio State Wexner Medical Center*, Case No. 2017-00845 (January 13, 2021); (See Jan. 5, 2021 Pls.'

Supplemental Evid. in Support of Motion for Order Approving Award of Fees' to Class Counsel; Exh. 1 – Mansell Aff.; See also January 13, 2021 Entry Approving Motion). *Id.* [1]

Plaintiff's counsel's rates are comparable to other rates this Court has found reasonable. See *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011) (Peck, M.J.) (approving partner's $450 hourly rate as "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases." (citing cases)); *M.H. v. New York City Dep't of Educ.*, 2021 U.S. Dist. LEXIS 190419, 2021 WL 4804031 (S.D.N.Y. Oct. 1, 2021) (approving managing partner's rate at $420 per hour); *Hernadez v. JRPAC Inc.*, No 14-cv-4176, 2017 WL 66325, at *3 (S.D.N.Y. Jan. 6, 2017) (noting FLSA partners generally receive $400 per hour, senior associates $300 per hour, and junior associates $225 per hour, respectively); *Perez Garcia v. Hirakegoma Inc.,* No. 17-cv-7608, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020) (collecting cases, noting that courts generally award experienced wage and hour attorneys between $300 and $400 per hour).

Plaintiff's costs – $563.60 – are "reasonable out of pocket expenses . . . which are normally charged to fee-paying clients," which warrant reimbursement. *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987); *see also Torres v. Gristede's Operating Corp.*, No. 04-cv-3316 (PAC), 2012 WL 3878144, at *5 (S.D.N.Y. Aug. 6, 2012), *aff'd*, 519 F. App'x 1 (2d Cir. 2013); (Exhibit A(5); Exhibit A(6)(i)). Here, Plaintiff's cost consist of the filing fee, service of process fees, postage, and legal research from PACER. The costs were minimal and reasonable necessary to prosecute this matter.

### III. CONCLUSION

---

[1] Mr. Mansell's rates of $400 per hour in 2021 was approved in state and federal courts located in central Ohio. In general, attorney's rates are lower on average compared to attorney's rates in the Southern District of New New York.

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant its motion for Default Judgment against Defendant NYC Motorcars Corporation and other relief as the Court deems just and proper. No inquest is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by the Plaintiff that allows damages to be calculated with reasonable certainty. Sufficient information and documentation, supplemented by the declarations and exhibits filed concurrently to Plaintiff's Motion for Default Judgment exists in this case such that the amount provided for in the proposed judgment can be calculated to a reasonable certainty.

Plaintiff also request that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NY Lab. Law § 198(4). A proposed Entry of Default Judgment is attached hereto as Exhibit A(8).

Dated: New York, New York
     April 18, 2022

                                        Respectfully submitted,

                                        */s/Greg Mansell*
                                        Greg R. Mansell
                                        (*Greg@MansellLawLLC.com*)
                                        Carrie J. Elrod
                                        (*Carrie@MansellLawLLC.com*)
                                        **Mansell Law, LLC**
                                        85 8th Ave., 6M
                                        New York, NY 10011
                                        Ph: (646) 921-8900
                                        *Counsel for Plaintiff*