Exhibit A(1)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**ERIC SANTANA,**

        Plaintiff,

  v.

**NYC MOTORCARS CORPORATION**

 and

**FAWAD AWAN,**


        Defendants.
-----------------------------------------------------------------X

Case No.: 1:21-cv-10520
Date Filed: 12/09/2021

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

     NOW COMES Plaintiff Eric Santana ("Plaintiff") and proffers this Complaint for damages against Defendants NYC Motorcars Corp., and Fawad Awan ("collectively referred to herein as Defendants").

## JURISDICTION AND VENUE

     1.     This action is brought by Plaintiff to redress violations of the Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL").

     2.     This Court has original federal question jurisdiction over this controversy pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.

     3.     This Court has supplemental jurisdiction over this controversy under the New York Labor Law pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct businesses in this judicial District, and substantial parts of the acts and/or omissions giving rise to the claims herein alleged occurred in this judicial District.

5. Defendants have willfully engaged in violations of the FLSA and NYLL by: (a) failing to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for time worked in excess of 40 hours in a work week, (b) failing to pay Plaintiff minimum wages, (c) failing to pay Plaintiff "spread of hours" compensation, and (d) failing to timely pay Plaintiff commissions (e) failing to provide Plaintiff with wage notices and wage statements, and (f) retaliating against Plaintiff for opposing these unlawful practices.

**THE PARTIES**

6. Plaintiff Eric Santana is an individual and a resident of New York, New York.

7. At all times relevant herein, Plaintiff was an "employee" of Defendants' as that term is defined by the FLSA and New York Labor Law.

8. Defendant NYC Motorcars Corp. is domestic corporation located at 3748 Boston Rd, Bronx, NY 10469.

9. Defendant Fawad Awan is the Chief Executive Office of NYC Motorcars Corp. Defendant Awan has the authority to set payroll policies/practices, hire/fire employees, and set wages and other terms and conditions of employment.

10. Defendants conduct business as NYC Motorcars of The Bronx, a car dealership.

11. At all times relevant herein, Defendants have been Plaintiff's "employer" as that term is defined by the FLSA and NYLL.

2

12. Defendants have been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000 during the time periods relevant herein.

13. At all times relevant herein, Defendants were fully aware of the fact that they were legally required to comply with the FLSA and NYLL.

## STATEMENT OF FACTS

14. Plaintiff began his employment with Defendants on or around September 2021.

15. Plaintiff was employed in the position of Car Salesman.

16. In this position, he sold cars to customers in Defendants' indoor and outdoor showrooms.

17. At the time he was hired, Plaintiff was verbally informed that he would be paid an hourly rate of $15.00, plus commission. Plaintiff was told he would receive a 10% commission on each car sold.

18. Plaintiff was assigned a work schedule of Tuesday through Friday: 9AM – 5PM; Saturday: 9AM – 9PM; and every other Sunday: 11AM – 6PM. Thus, Plaintiff worked alternating weeks of 44 hours per week and 51 hours per week.

19. Plaintiff was not paid his hourly rate for each hour worked, nor did he ever receive any commission pay owed to him for the five (5) cars he sold during his employment with Defendants.

20. In late October 2021, Plaintiff elevated his complaints to the Finance Manager. Shortly thereafter, on or around October 28, 2021, Plaintiff was informed his employment was being terminated.

21. Plaintiff regularly worked more than 40 hours per workweek but did not receive payment at a rate of one-and-one half of their regular rate of pay for all hours worked over 40 in a workweek.

22. Plaintiff also did not receive spread-of-hours pay for shifts he worked more than 10 hours in a single work day.

### KNOWING AND INTENTIONAL ACTS

23. All of the preceding paragraphs are realleged as if fully rewritten herein.

24. Defendants have knowingly, intentionally and willfully committed the acts alleged herein.

25. Defendants have not acted in good faith.

26. Defendants have known that the nonpayment of minimum wage, overtime pay, and other wages would financially injure Plaintiff.

27. Defendants did not provide Plaintiff at the time of hiring with a written statement of his hourly rate of pay, overtime rate of pay, and regular pay day.

28. Defendants did not provide Plaintiff with full and accurate wage statements when wages were paid.

29. Defendants have failed to maintain contemporaneous, true and accurate payroll records

### FIRST CAUSE OF ACTION
**N.Y. Lab. Law, Art. 19, § 650 et seq. - Failure to Minimum Wage**

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. The New York Labor Law requires that employers pay employees a minimum wage for each hour worked.

32. Plaintiff worked for Defendants for approximately six (6) weeks.

33. Plaintiff worked between 44 and 51 hours per week.

34. Plaintiff was only paid by Defendant twice during and/or after his employment for a total of $642.00.

35. Defendants failed to pay Plaintiff the required minimum wage for all hours worked.

36. Plaintiff is entitled to recover from Defendants his unpaid minimum wages, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to NYLL § 190 *et seq.*, and § 650 *et seq*.

## SECOND CAUSE OF ACTION
### N.Y. Lab. Law, Art. 19, § 650 et seq. - Failure to Pay Overtime

37. All of the preceding paragraphs are realleged as if fully rewritten herein.

38. The New York Labor Law requires that employers pay employees overtime compensation at the rate of one and one-half times the regular rate of pay for each hour of work over forty hours in one work week.

39. Defendants failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay for each hour of work over forty hours in one work week.

40. Said violations were not in good faith within the meaning of NYLL §§ 198.1-a and 663.

41. Defendants were aware that Plaintiff worked more than 40 hours per workweek but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per workweek.

42. Defendants knew or should have known of the overtime payment requirement of the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations and that Plaintiff was entitled to overtime compensation for all hours worked in excess of 40 per workweek.

5

Case 1:21-cv-10520-AT Document 24 Filed 12/10/21 Page 6 of 12
Case 1:20-cv-10520-KHP Document 14 Filed 12/14/18 Page 6 of 12
Exhibit A(1)

43. Defendants' refusal to properly compensate Plaintiff as required by the NYLL was willful.

44. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

45. Plaintiff is entitled to recover from Defendants his unpaid overtime wages, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to NYLL § 190 *et seq.*, and § 650 *et seq.*

### THIRD CAUSE OF ACTION
**N.Y. Lab. Law, Art. 6 § 195(1) and (3) – Wage Theft Prevention Act**

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. NYLL requires that employers provide employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. NYLL Art. 6 § 195(1)

48. NYLL requires that employers furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and

6

Case 1:21-cv-10520-AK Document 24-1 Filed 12/10/24 Page 7 of 12
Case 1:20-cv-10520-KHP Document 21 Filed 12/18/20 Page 7 of 12

Exhibit A(1)

net wages. For all employees who are not exempt from overtime compensation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. NYLL Art. 6 § 195(3)

49. Defendants have willfully failed to supply Plaintiff with an accurate Wage Notice and Wage Statement as required by NYLL, Article 6, § 195.

50. Plaintiff was also not provided written notification of his date of termination, nor has he received his final paycheck, which was due no later than the regular payday for the pay period in which Plaintiff was terminated.

51. As a result of these violations, Plaintiff is entitled to fifty dollars for each day that Defendants failed to provide a Wage Notice (with a cap of five thousand dollars) and two hundred fifty dollars for each day that Defendants failed to provide Wage Statements (with a cap of five thousand dollars) in violation of NYLL §§ 195(1) and (3) plus all other relief available under NYLL §§ 195.

**FOURTH CAUSE OF ACTION**
**N.Y. Lab. Law, Art. 6 § 191(1)(c)– Unpaid Earned Commissions**

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. The NYLL requires that Plaintiff receive the commission owed in accordance with the agreed terms of his employment.

54. When a commissioned salesperson is terminated, the NYLL requires the employer to pay the employee commissions earned or payable in accordance with the agreed terms of employment "not later than the regular pay day for the pay period during which the termination occurred." NYLL § 191(3).

55. Under the terms of employment, Plaintiff was entitled to receive a 10% commission on cars he sold.

7

56. Under the terms of employment, these commissions were earned upon sale and were payable on his next scheduled paycheck.

57. Plaintiff has never received any payment of commissions from Defendants.

58. Plaintiff is entitled to recover from Defendants his unpaid commission, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to NYLL § 190 *et seq.*, and § 650 *et seq.*

## FIFTH CAUSE OF ACTION
### N.Y. Lab. Law, Art. 7 § 215 – Retaliation

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. The NYLL prohibits retaliation against any employee because such employee has made a complaint to his employer for violations of the wage and hour laws described herein.

61. Plaintiff made several complaints regarding Defendants failure to pay him timely and proper wages, as set forth herein.

62. Plaintiff was terminated in retaliation for complaining about Defendants' failure to comply with New York's wage and hour laws.

63. As a direct and proximate result of Defendants' willful and intentional conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. Accordingly, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available as a result of Defendants' retaliation.

## SIXTH CAUSE OF ACTION
### N.Y. Lab. Law, 12 N.Y.C.R.R. § 146-1.6(a) – Spread of Hours Pay

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

Case 1:21-cv-10520-AT-SDA  Document 24  Filed 12/10/24  Page 9 of 12
Case 1:20-cv-10524-KHP  Document 34-1  Filed 12/17/21  Page 9 of 12

Exhibit A(1)

65. The NYLL entitles an employee to spread-of-hours pay, meaning "one additional hour of pay at the basic minimum hourly rate" for "each day on which the spread of hours exceeds 10." 12 N.Y.C.R.R. § 146-1.6(a).

66. Plaintiff worked a 12-hour shift (9am-9pm) every other Saturday.

67. Defendants did not pay Plaintiff spread-of-hours pay for his shifts that exceeded 10 hours in one day.

68. Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to NYLL.

## SEVENTH CAUSE OF ACTION
**FLSA 29 U.S.C. §201, *et seq.* – Failure to Pay Minimum Wage**

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. Defendants violated the FLSA, 29 U.S.C. § 206(a) by not paying Plaintiff minimum wage for all hours worked.

71. Defendants knew or should have known of the minimum wage payment requirement of the FLSA.

72. Defendants knowingly and willfully failed to properly pay Plaintiff when they failed to compensate Plaintiff for all hours worked during his employment.

73. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continue to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## EIGHTH CAUSE OF ACTION
**FLSA 29 U.S.C. §201, *et seq.* – Failure to Pay Overtime Wages**

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

Case 1:21-cv-10520-AT Document 24-2 Filed 12/10/21 Page 10 of 12
Case 1:20-cv-10520-KHP Document 3 Filed 12/14/18 Page 10 of 12
Exhibit A(1)

75. Plaintiff regularly worked more than 40 hours in a workweek.

76. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at his regular rate of pay.

77. Defendants' refusal to properly compensate Plaintiff for his overtime work, as required by the FLSA, was willful.

78. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## NINTH CAUSE OF ACTION
### FLSA – Retaliation

79. All of the preceding paragraphs are realleged as if fully rewritten herein.

80. Plaintiff engaged in a protected activity when he complained the he was not receiving minimum wage and overtime wages.

81. Defendants retaliated against Plaintiff by terminating his employment for exercising his rights under the FLSA.

82. As a direct and proximate result of Defendants' willful and intentional conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. Accordingly, Plaintiff seeks liquidated damages, punitive damages, interest and attorneys' fees, and all other remedies available as a result of Defendants' retaliation in violation of 29 U.S.C. § 215.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. A jury trial on these issues to determine liability and damages.

B. A declaratory judgment that Defendants' practices complained of herein are unlawful and in violation of the FLSA, New York Labor Law; the New York Wage Theft Prevention Act; and any other applicable statute or regulation;

C. An injunction against Defendants and any of their representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

D. A judgment for Plaintiff and against Defendants jointly and severally for compensation for unpaid minimum wages, overtime wages, commissions, and lost wages due to Plaintiff under the FLSA and New York Labor Law, and, as liquidated damages, an additional amount equal to 100% of the total monies due Plaintiffs;

E. A judgment for Plaintiff and against Defendants jointly and severally for fifty dollars for each day that Defendants failed to provide a Wage Notice (with a cap of five thousand dollars) and two hundred fifty dollars for each day that Defendants failed to provide Wage Statements (with a cap of five thousand dollars) in violation of NYLL §§ 195(1) and (3)

F. An award of prejudgment and post judgment interest;

G. A judgment for Plaintiffs against Defendants jointly and severally for attorney's fees and costs pursuant to New York Labor Law §§ 198 and 663;

H. Such other legal and equitable relief as this Court deems appropriate.

Case 1:21-cv-10520-ALC Document 24-1 Filed 12/10/21 Page 12 of 12
Case 1:20-cv-10520-KHP Document 34 Filed 12/14/21 Page 12 of 12
Exhibit A(1)

Dated: New York, New York
December 9, 2021

                                           Respectfully submitted,

                                           */s/Greg Mansell*
                                           Greg R. Mansell
                                           (*Greg@MansellLawLLC.com*)
                                           Carrie J. Elrod
                                           (*Carrie@MansellLawLLC.com*)
                                           **Mansell Law, LLC**
                                           85 8th Ave., 6M
                                           New York, NY 10011
                                           Ph: (646) 921-8900
                                           *Counsel for Plaintiff*