```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

ERIC SANTANA,

                        Plaintiff,

      -against-

                                            **21-CV-10520 (ALC) (KHP)**

NYC MOTORCARS CORPORATION, et al

                                            **ORDER OF DISMISSAL**

                        Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

       In this action under the Fair Labor Standards Act and New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements).[1] The parties also submitted a letter detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate. (ECF No. 60.) This Court has reviewed the parties' submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letter, the terms of the proposed settlement agreement, and this Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during an arms-length settlement mediation before this Court), it is hereby ORDERED that:

---

[1] The Court notes that Defendant Fawad Awan ("Awan") is not a party to the settlement agreement and did not join this motion, however Plaintiff has voluntary stipulated to the dismissal of all claims against Awan. (ECF No. 26, 49.) Accordingly, approval of this settlement agreement will dispose of this action in its entirety.

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. This Order does not incorporate the terms of the parties' proposed agreement. Further, the settlement agreement does not recite that this Court will retain jurisdiction to enforce its terms, and this Court has made no independent determination to retain jurisdiction. Accordingly, nothing in this Court's approval of the settlement should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, 2016 WL 6754342, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of approval of an FLSA settlement because "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (*citing Hendrickson*, 791 F.3d at 358-59)).

3. As a result of the Court's approval of the parties' proposed settlement, this action is discontinued with prejudice and without costs, provided that, within 30 days of the date of this Order, if any aspect of written documentation of the settlement is not completed, Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.

4. The Clerk of Court is directed to close this case on the Docket of the Court.

**SO ORDERED**

Dated: New York, New York  
March 7, 2023

*Katharine H Parker*  
KATHARINE H. PARKER  
United States Magistrate Judge